DEBORA KRISTENSEN GRASHAM, ISB # 5337
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, ID 83701-2720
Telephone:  (208) 388-1200
Facsimile:  (208) 388-1300
Email:  dkk@givenspursley.com

Attorneys for Idaho Statesman Publishing, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID A. THOMPSON, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>IDAHO STATESMAN PUBLISHING, LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | **ADA COUNTY DISTRICT COURT CASE NO.: CV01-19-02394**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) and 1441(b) (FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP)** |

PLEASE TAKE NOTICE that Defendant Idaho Statesman Publishing, LLC ("Defendant" or "Idaho Statesman"), removes this action to this Court pursuant to 28 U.S.C. § 1441(b).

**COMPLAINT AND TIMELINESS OF REMOVAL**

1.　　On February 7, 2019, Plaintiff David A. Thompson ("Plaintiff") filed a Complaint in the Fourth Judicial District of the State of Idaho, in and for the County of Ada, titled *David A. Thompson v. Idaho Statesman Publishing, LLC*, CV01-19-02394.

2.　　Defendant was served with the Complaint on February 11, 2019.

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §§ 1441(a) and 1441(b)  - 1

3. A true and correct copy of the Register of Actions for the state court file for this action is attached as **Exhibit A** in accordance with Local Rule 81.1.

4. A true and correct copy of the Complaint filed with the state court on February 7, 2019, is attached as **Exhibit B**.

5. A true and correct copy of the Summons, issued by the state court on February 7, 2019, is attached as **Exhibit C**.

6. A true and correct copy of the Service of Process Transmittal indicating a service date of February 11, 2019, is attached as **Exhibit D**.

## ORIGINAL JURISDICTION EXISTS

7. Removal is proper based on this Court having original jurisdiction of this action under 28 U.S.C. §1441(a), (federal question jurisdiction) in that this is a civil action wherein the District Court of the United States has original jurisdiction.

8. Plaintiff alleges three causes of action under the Family and Medical Leave Act. *See* **Exhibit B** at ¶¶ 15-21, 22-25, 26-29. As such, removal is proper because this Court has original jurisdiction of this action.

## DIVERSITY JURISDICTION EXISTS

9. Further, this action is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1332 and 1441(b), in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interests and costs, and is a civil action between citizens of different states such that complete diversity exists.

10. Plaintiff alleges that he is an individual who resided in Idaho at all times pertinent to the instant litigation. *See* **Exhibit B** at ¶ 1.

11.     Idaho Statesman was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its corporate headquarters in Sacramento, California. *See* **Declaration of Juan Cornejo** ("**Cornejo Decl**.") at ¶¶ 7-8. The Idaho Statesman's corporate headquarters is located at 2100 Q Street, Sacramento, California. *See id.* All of the Idaho Statesman's Board of Directors reside in Sacramento, California. *See id.* Additionally, all of the Idaho Statesman's corporate officers reside in Sacramento, California, where they direct, control, and coordinate the Idaho Statesman's activities. *See id.*

12.     The sole LLC member of the Idaho Statesman is Pacific Northwest Publishing Company, Inc., which is incorporated under and by the virtue of the laws of the State of Florida. The Pacific Northwest Publishing Company, Inc.'s principal place of business is located in Sacramento, California. *See id.* at 9.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13.     Plaintiff's Complaint asserts the following causes of action in relevant part: Failure to Provide Family and Medical Leave Act ("FMLA") Notice, Discrimination, and Failure to Restore Plaintiff to Previous Position of Employment, in Violation of the FMLA.

14.     Based on Plaintiff's allegations, the amount in controversy appears to easily exceed the sum or value of $75,000, exclusive of interest and costs. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-04; *Luckett v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F.3d 295, 298.

15.     While Defendant denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs.

16. Plaintiff was on track to earn approximately $48,831.95 in annual compensation at the time of his termination. *See* **Cornejo Decl.** at ¶ 10.

17. Although Plaintiff does not quantify his potential damages, under Plaintiff's causes of action for violations of the FMLA, he can potentially recover lost income based on a violation of this law. In each of the FMLA causes of action, Plaintiff's Complaint contains the following allegation: "[a]s a direct, foreseeable and proximate result of ISP's unlawful conduct, Plaintiff has suffered damages in an amount to be proved at trial." *See* **Exhibit B** at ¶¶ 20, 24, 28.

18. The U.S. District Courts-Median Time Intervals From Filing to Disposition of Civil Cases Table C-5 indicates that as of September 30, 2018, it took a median of 26.6 months from the filing of a case to the completion of trial in the Ninth Circuit. *See* **Exhibit E**.[1] Accordingly, if Plaintiff is unable to find alternative work, he can potentially recover 26.6 months of his annual salary, which would be approximately $108,244.16 (($48,831.95 ÷ 12) x 26.6). This is not including any other damages that Plaintiff could potentially recover.

## NO OTHER DEFENDANTS

19. There are no other Defendants that have been named or served in this action, thus there are no other Defendants to join in this Notice of Removal.

## SERVICE OF NOTICE ON PLAINTIFF AND STATE COURT

20. Concurrent with filing this Notice of Removal, Defendant will file written notice of this filing with the Clerk of the Court in Ada County, Idaho and will deliver a copy to Plaintiff.

21. On February 21, 2019, counsel for Plaintiff indicated to counsel for Defendant that Plaintiff would not object to Defendant's removal of this matter to federal court.

---

[1] The C-5 data tables do not indicate a timeframe for the U.S. District Court for the District of Idaho.

DATED March 4, 2019.

**GIVENS PURSLEY LLP**

By: */s/ Debora Kristensen Grasham*
Debora Kristensen Grasham
Attorneys for Idaho Statesman Publishing, LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th date of March, 2019, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jeff R. Sykes
Michael A. Short
sykes@mwsslawyers.com
short@mwsslawyers.com
*Attorney for Plaintiff*

AND I FURTHER CERTIFY that on such date, I served the foregoing on the following non-CM/ECF registered participants in the manner indicated:

NONE.

*/s/ Debora Kristensen Grasham*
Debora Kristensen Grasham