# EXHIBIT B

Case 1:19-cv-00076-CWD   Document 1-2   Filed 03/04/19   Page 2 of 8

Electronically Filed
2/7/2019 2:32 PM
Fourth Judicial District, Ada County
Phil McGrane, Clerk of the Court
By: Nichole Snell, Deputy Clerk

Jeff R. Sykes, ISB #5058
Michael A. Short, ISB#10554
McCONNELL WAGNER SYKES & STACEY PLLC
827 East Park Boulevard, Suite 201
Boise, Idaho 83712
Telephone:  208.489.0100
Facsimile:   208.489.0110
sykes@mwsslawyers.com
short@mwsslawyers.com

Attorneys For Plaintiff David A. Thompson

**IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA**

| | |
|---|---|
| **DAVID A. THOMPSON,** an individual;<br><br>Plaintiff,<br><br>vs.<br><br>**IDAHO STATESMAN PUBLISHING, LLC,**<br>a Delaware limited liability company<br><br>Defendant. | **Case No.** CV01-19-02394<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Fee Category:   A.A.<br>Fee:   $221.00 |

**COMES NOW,** Plaintiff David A. Thompson, by and through his counsel of record, Jeff R. Sykes and Michael A. Short of McConnell Wagner Sykes & Stacey PLLC, and for a cause of action against Defendant Idaho Statesman Publishing, LLC alleges as follows:

//

//

**COMPLAINT AND DEMAND FOR JURY TRIAL | 1**
I:\10770.002\PLD\Thompson v. Idaho Statesman\Complaint .docx

## PARTIES

1. At all times material hereto, Plaintiff David A. Thompsons ("Plaintiff"), was and is an individual residing and domiciled in the County of Canyon, State of Idaho.

2. Plaintiff is informed and believes, and on that basis alleges, that at all times material hereto Defendant Idaho Statesman Publishing, LLC ("ISP") was and is a limited liability company organized and existing pursuant to the laws of the State of Delaware, is authorized to do business and is doing business in the State of Idaho; and, its principle place of business in Idaho is in Ada County.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in the Fourth District because this Court has subject matter jurisdiction over this action pursuant to Idaho Code § 1-705, and personal jurisdiction over ISP pursuant to Idaho Code § 5-514.

4. Venue is appropriate in this Court pursuant to Idaho Code § 5-404.

5. The amount in controversy in this lawsuit, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff repeats herein by this reference each and every allegation set forth in Paragraphs 1-6, inclusive, as if said paragraphs were set forth herein in full.

7. Plaintiff was employed as a *Sales and Marketing Executive* by ISP from approximately April 5, 2016 to July 13, 2017. He was the only African-American employed in the ISP Sales and Marketing Department.

8. Prior to August 2016 Plaintiff was criticized and berated by his direct manager Michelle Phillippi. Plaintiff alleges and believes the criticism was unwarranted and made against him because of his race. Others at ISP were not treated the same way.

9. On or around Wednesday August 3, 2016, Plaintiff complained to human resources ("HR") representative, Jacquelyn B. Hoflich, about Phillippi's conduct. Through his complaint. Plaintiff documented serious personnel issues he was having with his immediate supervisor, Michelle Phillippi.

10. Phillippi left the ISP and Ms. Shannon Thun became Plaintiff's direct supervisor.

11. On or around July 2017, Plaintiff informed his direct supervisor Ms. Shannon Thun of his cancer diagnosis (a serious medical condition) and the treatment he needed. Plaintiff informed Thun that he would need time off to undergo surgery and treatments. Ms. Thun did not advise HR nor did she provide Plaintiff of his FMLA rights. In addition to speaking with Thun, Plaintiff spoke with Ann Gunn Defendant's HR coordinator about needed FMLA leave.

12. Plaintiff requested FMLA paperwork and requested to be advised of his rights concerning a requested FMLA leave of absence.

13. After informing his employer of needed FMLA leave for surgery and treatment and related to his cancer diagnosis, despite the fact that Plaintiff was performing all of his job duties he was required to and meet sales goals, Ms. Thun wrongfully criticized Plaintiff for lower-than-expected sales numbers and wanted Plaintiff to continue working in an attempt to meet his sales goal.

14. On July 6, 2017 Plaintiff was unfairly issued a notice of final warning and thereafter fired on July 13, 2017. Plaintiff was fired in retaliation for requesting FMLA leave and because of prior complaints he had made against Phillippi.

## FIRST CAUSE OF ACTION
### (ISP Interfered with Plaintiff's FMLA Rights by Failing to Provide FMLA Notices)

15. Plaintiff repeats herein by this reference each and every allegation set forth in Paragraphs 1-15, inclusive, as if said paragraphs were set forth herein in full.

16. ISP is an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4)(a).

17. Upon information and belief, ISP employs at least fifty (50) employees at or within seventy-five (75) miles of the worksite at which Plaintiff worked.

18. Plaintiff is an employee within the meaning of the FMLA, 29 U.S.C. § 2611(2)(a), because he worked for ISP at least twelve (12) months and at least 1,250 hours during the previous 12-month period.

19. By terminating Plaintiff, ISP violated, *inter alia*, FMLA, 29 U.S.C. § 2615(a)(1). Specifically, ISP's termination of Plaintiff interfered, restrained, denied, and/or affected Plaintiff's ability to exercise, or attempt to exercise, his FMLA right(s). Plaintiff's request for FLMA leave, constituted FMLA-protected leave, Plaintiff's termination was an adverse employment action, and the adverse action was causally related to his FMLA-protected leave, *i.e.*, Plaintiff's FMLA-protected leave was a negative factor in the decision to terminate him.

20. As a direct and proximate result of ISP's unlawful conduct, Plaintiff has suffered damages in an amount to be proved at trial.

21. In addition to damages in an amount to be proved at trial, Plaintiff is entitled to an award of interest and liquidated damages pursuant to 29 U.S.C. § 2617.

//

//

## SECOND CAUSE OF ACTION
### (ISP Discriminated Against Plaintiff in Violation of the FMLA)

22. Plaintiff repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 21, inclusive, as if said paragraphs were set forth herein in full.

23. ISP's treatment of Plaintiff, including but not limited to terminating Plaintiff, violated, *inter alia*, FMLA, 29 U.S.C. § 2615(a)(2). Specifically, ISP discharged and/or discriminated against Plaintiff for opposing practices made unlawful under by the FMLA and/or by taking FMLA protected leave.

24. As a direct and proximate result of ISP's unlawful conduct, Plaintiff has suffered damages in an amount to be proved at trial.

25. In addition to damages in an amount to be proved at trial, Plaintiff is entitled to an award of interest and liquidated damages pursuant to 29 U.S.C. § 2617.

## THIRD CAUSE OF ACTION
### (ISP Interfered with Plaintiff's FMLA Rights by Failing to Restore Plaintiff to Previous Position of Employment)

26. Plaintiff repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 25, inclusive, as if said paragraphs were set forth herein in full.

27. ISP violated, *inter alia*, FMLA, 29 U.S.C. § 2614(a) by terminating Plaintiff. Specifically, ISP's termination of Plaintiff violated Plaintiff's right to be restored to the position of employment held by Plaintiff when the leave commenced or an equivalent position.

28. As a direct and proximate result of ISP's unlawful conduct, Plaintiff has suffered damages in an amount to be proved at trial.

29. In addition to damages in an amount to be proved at trial, Plaintiff is entitled to an award of interest and liquidated damages pursuant to 29 U.S.C. § 2617.

## FOURTH CAUSE OF ACTION
### (Violation of Title VII of the Civil Rights Act of 1964 and The Idaho Human Rights Act)

30. Plaintiff repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 29, inclusive, as if said paragraphs were set forth herein in full.

31. The actions of ISP deprived Plaintiff of opportunities and adversely affected Plaintiff's employment because of his race in violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.,* which prohibits discrimination based on race.

32. ISP retaliation against Plaintiff for engaging in protected activity, *i.e.* reporting and opposing a hostile work environment and subject Plaintiff to adverse employment actions, including but not limited to poor performance review.

33. As a result of ISP's violations of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.,* Plaintiff is entitled to compensatory damages including, but not limited to, lost wages and lost benefits in an amount to be determined with specificity at trial.

34. Plaintiff is entitled to recover his attorney fees and costs incurred in pursing this matter pursuant to 42 U.S.C. § 2000e-5(5) and Idaho Cost §§ 12-120 and 12-121.

## ATTORNEYS' FEES AND COSTS

Plaintiff has been required to retain the services of an attorney to bring this suit and is entitled to recover his costs and reasonable attorneys' fees in the sum of not less than $5,000.00 if judgment is entered by default, and such other and further amounts as the Court may find

reasonable if this matter is contested pursuant to, *inter alia*, 29 U.S.C. § 2617 and Rule 54(e) of the Idaho Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a 12-person jury trial pursuant to Rule 38 of the Idaho Rules of Civil Procedure for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against ISP as follows:

A. For monetary damages in an amount to be proved at trial;

B. For attorneys' fees and costs; and

C. For such other and further relief as the Court deems just and proper.

**DATED** this 7th day of February 2019.

McCONNELL WAGNER SYKES & STACEY PLLC

/s/ *Jeff R. Sykes*

By: Jeff R. Sykes, Attorneys For Plaintiff
David A. Thompson